IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00484-ZLW

ANDRE J. TWITTY,

    Plaintiff,

v.

TROY EID, U. S. Attorney,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 18 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Andre J. Twitty, filed *pro se* on April 28, 2009, a motion titled "Motion to Correct the Fraudulent Order Entered on 17 Apr 09 Pursuant to Rule 59(e) Fed. Rule [Illegible] Brief in Support" asking the Court to reconsider and vacate the Order of Dismissal and Judgment filed in this action on April 17, 2009. The Court must construe the motion to reconsider liberally because Mr. Twitty is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

The Court dismissed the instant action without prejudice for the failure of Mr. Twitty to cure the designated deficiencies within the time allowed and for his failure to prosecute. The reasons for the dismissal are explained in detail in the April 17, 2009, dismissal order.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of the final judgment should be construed as a Rule 59(e) motion. **Id.**; **see also Dalton v. First Interstate Bank**, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). **Van Skiver**, 952 F.2d at 1243. Mr. Twitty filed the motion to reconsider within ten days of the final judgment in this action. Therefore, the motion to reconsider properly is filed as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

A motion to alter or amend that reiterates issues originally raised in the instant action and that seeks to challenge the legal correctness of the court's judgment by arguing that the district court misapplied the law or misunderstood the litigant's position correctly is asserted pursuant to Fed. R. Civ. P. 59(e). **See Van Skiver**, 952 F.2d at 1244. Upon consideration of the motion to reconsider and the entire file, the Court finds and concludes that Mr. Twitty fails to demonstrate some reason why the Court should alter or amend the April 17, 2009, dismissal order and the judgment in this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Motion to Correct the Fraudulent Order Entered on 17 Apr 09 Pursuant to Rule 59(e) Fed. Rule [Illegible] Brief in Support" that Plaintiff, Andre J. Twitty, filed **pro se** on April 28, 2009, and which the Court has

construed liberally as a Fed. R. Civ. P. 59(e) motion, is denied.

DATED at Denver, Colorado, this __15__ day of ____May____, 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-00484-BNB

Andre J. Twitty
Reg. No. 18558-018
ADX – Florence
PO Box 8500
Florence, CO 81226-8500

   I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/18/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk